**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

| | | |
|---|---|---|
| **DERONDA ASHLEY** | **:** | **DOCKET NO. 1:22-cv-04445** |
| **VERSUS** | **:** | **JUDGE DONALD E. WALTER** |
| **LIBERTY MUTUAL FIRE INSURANCE CO., ET AL.** | **:** | **MAGISTRATE JUDGE LEBLANC** |

## REPORT AND RECOMMENDATION

Before the court is a Motion for Rule 11 Sanctions filed by defendants Liberty Mutual Fire Insurance Company, Liberty Mutual Insurance Company, and Liberty Personal Insurance Company. Doc. 17. No response was filed, despite the court providing an opportunity to do so. *See* doc. 36. The motion has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636.

For the reasons stated **IT IS RECOMMENDED** the motion be **DENIED**. However, as also discussed below, **IT IS FURTHER RECOMMENDED** that under this court's inherent authority, defendant be awarded reasonable attorney's fees.

## I.
## BACKGROUND

This case arises from hurricane damage to plaintiff's property in Alexandria, Louisiana. Attorneys from McClenny Moseley & Associates, PLLC ("MMA"), acting in plaintiff's name, filed suit in this court on August 25, 2022, raising state-law claims of breach of insurance contract and bad faith against Liberty Mutual Fire Insurance Company, Liberty Mutual Insurance Company, and Liberty Personal Insurance Company. Doc. 1. The complaint asserts that plaintiff's

property was insured "by a policy of insurance issued and maintained by Defendant bearing policy number H32-298-263348-40." *Id.* at ¶ 1.

In October 2022, the court held a show cause hearing after concerns of misconduct by MMA's attorneys began to arise in connection with MMA's filing of a multitude of hurricane damage claims. Doc. 5.  The show cause hearing did little to assuage the court's concerns about MMA's tactics in its representation of clients and the apparent lack of due diligence in preparing pleadings, so the court stayed all cases involving MMA, including the instant matter. Doc. 4.

Once the stay in this matter was fully lifted [doc. 8], MMA on behalf of plaintiff attempted to voluntarily dismiss this case with prejudice. Doc. 9.  The district court denied the requested voluntary dismissal because the motion did not inform the court of the reason for the dismissal. Doc. 10.  MMA later filed an executed summons for each defendant into the record. Docs. 12–14.  The court then suspended MMA and anyone affiliated with the firm from practice in this district for a period of ninety days. Doc. 16.

On March 23, 2023, defendants filed a Motion to Dismiss and Motion for Rule 11 Sanctions in this matter. Doc. 17.  Specifically, defendants argue the case should be dismissed because the claims were settled before this suit was filed. *Id.*  Defendants further claim MMA represented plaintiff during the settlement negotiations. *Id.* at ¶ I.  They also ask for reimbursement of the costs and fees incurred in defending this case. *Id.*  Attached to the motion is an email exchange between defense counsel and defendants' Senior Claim Resolution Specialist, in which defense counsel received approval to settle plaintiff's claim on May 13, 2022. Doc. 17, att. 1, pp. 2–3.  The attachment also includes an August 24, 2022, email from defendants' Senior Claim Resolution Specialist confirming she had already issued plaintiff's settlement check and mailed it to MMA in Houston. *Id.* at p. 1.

The MMA attorneys were terminated as counsel of record in this matter [docs. 26, 27], and the court set defendants' motion for hearing. Doc. 27. The court also ordered the clerk's office to make MMA a respondent to defendants' Motion for Rule 11 Sanctions and to issue notice to MMA about the motion hearing set by the court's order [doc. 27]. Doc. 28. Defendants later filed a motion to withdraw their motion to dismiss, but also asked that their motion for sanctions be reserved for ruling. Doc. 32. The court granted this motion. Doc. 34. After new counsel enrolled for plaintiff [doc. 30], plaintiff and defendants filed a Joint Motion to Dismiss, which sought dismissal of this case with prejudice but also reserved defendants' claim for sanctions. Doc. 33. The court granted the dismissal motion, reserving to defendants their sanctions claim. Doc. 37.

Now, the only portion of the original motion [doc. 17] remaining before the court is defendants' motion for sanctions. The court held a hearing on the motion for sanctions, and no one appeared on behalf of MMA or plaintiff. Doc. 36. At the hearing the court set a deadline for MMA to respond to defendants' motion for sanctions, and a copy of the minutes for that hearing, which lists MMA's response deadline, was mailed to MMA. *Id.* MMA did not file a response to the motion.

## II.
## LAW AND ANALYSIS

### *A. Rule 11 Sanctions*

Rule 11 of the Federal Rules of Civil Procedure authorizes a court to impose sanctions on "any attorney, law firm, or party that violated [Rule 11(b)] or is responsible for the violation." Fed. R. Civ. P. 11(c)(1). Typically, a law firm "must be held jointly responsible for a violation committed by its partner, associate, or employee." *Id.* A party's motion for sanctions "must not be filed or be presented to the court" before serving the motion under Rule 5 and affording the offending party 21 days after service to remedy the Rule 11 violation. Fed. R. Civ. P. 11(c)(2).

Compliance with this safe harbor provision is mandatory, and failure to comply prohibits the court from granting the Rule 11 motion for sanctions. *Uptown Grill, L.L.C. v. Camellia Grill Holdings, Inc.*, 46 F.4th 374, 388 (5th Cir. 2022) (citing *Elliott v. Tilton*, 64 F.3d 213, 216 (5th Cir. 1995)). Additionally, such a motion must be made separately from any other motion. Fed. R. Civ. P. 11(c)(2).

The court has no evidence before it that defense counsel complied with the safe harbor provision of Rule 11(c)(2). Furthermore, the motion for sanctions was filed together with a motion to dismiss [doc. 17], which does not comply with Rule 11's requirement that a motion for sanctions be made separately from any other motion. Fed. R. Civ. P. 11(c)(2). Accordingly, the Motion for Rule 11 Sanctions [doc. 17] must be DENIED.

***B. Sanctions Pursuant to Inherent Authority***

The court has the power to police its docket when a litigant files meritless pleadings or otherwise disrupts the orderly administration of the docket. *In re Bernegger*, 3:15CV182, 2015 WL 8347587, at *11 (N.D. Miss. Dec. 8, 2015). While courts "exercise caution" in invoking their inherent powers and should "ordinarily" rely on a rule or statute instead, they retain discretion to select the appropriate authority for sanctions. *Cappa Fund III, L.L.C. v. Actherm Holding, a.s.*, No. 3:10-CV-897, 2011 WL 817384, at *3 (N.D. Tex. Feb. 21, 2011). An assessment of attorney's fees is "undoubtedly" a sanction that falls within the court's inherent power. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45, 111 S. Ct. 2123, 2133 (1991). A court may assess attorney's fees "when a party has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Id.* (quoting *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 258–59, 95 S. Ct. 1612, 1622–23 (1975)). After making a finding of bad faith, the court may impose an appropriate sanction under its inherent authority when, as in this case, Rule 11 sanctions are unavailable due to noncompliance

with the safe harbor provision. *Cappa Fund III*, 2011 WL 817384, at * 3 (citing *Elliott v. Tilton*, 64 F.3d 213, 216–17 (5th Cir. 1995)).

***1. Bad Faith***

The court must first determine whether MMA acted in bad faith during the course of this litigation. The Fifth Circuit "adheres to the well established doctrine that '[a]n attorney, after being admitted to practice, becomes an officer of the court, exercising a privilege or franchise.'" *Carroll v. Jaques Admiralty Law Firm, P.C.*, 110 F.3d 290, 294 (5th Cir. 1997) (quoting *Howell v. State Bar of Texas*, 843 F.2d 205, 207 (5th Cir. 1988)). Accordingly, as officers of the court, attorneys owe a duty to the court "that far exceeds that of lay citizens." *Id.* (quoting *Howell*, 843 F.2d at 207).

Plaintiff, through MMA, had already settled her hurricane damage claims with Liberty Mutual Fire Insurance Company before this suit was filed. Doc. 17, ¶ I. Though MMA attorneys had already settled this plaintiff's claims against her insurer, MMA filed this lawsuit anyway. Doc. 1. When viewed together with the surrounding circumstances—including the show cause hearing, the stay, and the suspension—this information indicates to the court that MMA failed to use proper care when preparing to file this lawsuit. Furthermore, there is no indication on the record that MMA took corrective action after the court denied MMA's voluntary motion to dismiss because the motion failed to inform the court of the reason for the dismissal [doc. 10]. Instead, MMA indicated its intent to continue this lawsuit by filing executed summonses for each defendant into the record. Docs. 12–14.

Considering the evidence on the record, the court finds that MMA has acted in bad faith throughout this litigation. Moreover, MMA failed to justify its actions and also failed to adequately contest defendants' assertion that sanctions are appropriate. Accordingly, the

undersigned finds the court's inherent sanctioning power to be the appropriate basis for an order that MMA pay defendants' reasonable attorney's fees.

***2. Attorney's Fees***

The court now must determine a reasonable amount of attorney's fees and costs in this matter. When bad-faith conduct is the reason for the sanction, the attorney's fees to be paid are "limited to the fees the innocent party incurred solely because of the misconduct." *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 104, 137 S. Ct. 1178, 1184 (2017). "If a plaintiff initiates a case in complete bad faith, so that every cost of defense is attributable only to sanctioned behavior, the court may . . . make a blanket award." *Id.* at 110. But the court must also be mindful that a court invokes its inherent sanctioning authority "to vindicate its own interests, not the interests of the opposing litigant." *Ben E. Keith Co. v. Dining Alliance, Inc.*, 80 F.4th 695, 701 (5th Cir. 2023).

In the motion, defense counsel claims defendants' fees and costs "incurred in defending the above-captioned case" were approximately $2,000. Doc. 17, p. 4. The court finds the fees defendants incurred in defending this lawsuit are attributable to the sanctionable behavior because, but for MMA's bad faith conduct in filing and then maintaining this lawsuit, defendants would not have needed retained counsel to act on their behalf. Thus, a blanket award of attorney's fees is appropriate here, and the undersigned recommends MMA be ordered to pay defendants' reasonable attorney's fees, to be determined as set forth below.

Defense counsel did not provide the court with an affidavit, a time sheet, or other records breaking down their work on this matter. But minimal evidence of work performed "does not preclude an award of fees per se, as long as the evidence produced is adequate to determine reasonable hours." *Payne v. University of Southern Miss.*, 681 F. App'x. 384, 390 (5th Cir. 2017)

(quoting *Gagnon v. United Technisource, Inc.*, 607 F.3d 1036, 1044 (5th Cir. 2010)). However, the motion does not give a breakdown of the work performed to earn the requested fee, nor is there any other evidence on the record before the court that is adequate to determine reasonable hours.

"'Without supporting documentation, it is impossible to determine whether the fees and costs were reasonable and, hence, whether the sanction based on the fees and costs was reasonable.'" *Portillo v. Cunningham*, 872 F.3d 728, 742 (5th Cir. 2017) (quoting *Bynum v. American Airlines, Inc.*, 166 F. App'x. 730, 736 (5th Cir. 2006) (per curiam)). Because the court has not received adequate proof from defense counsel to support the requested fees and costs, the court should allow defendants a reasonable amount of time to submit evidence to support the reasonableness of the fees sought.

## III.
## CONCLUSION

For the foregoing reasons,

**IT IS RECOMMENDED** the Motion for Rule 11 Sanctions [doc. 17] be **DENIED**.

**IT IS FURTHER RECOMMENDED** that McClenny Moseley & Associates, PLLC and/or its legal successors[1] be ordered under this court's inherent authority to pay defendants' reasonable attorney's fees. Should the district judge adopt this recommendation, the court suggests defendants be allowed a reasonable period of time within which to submit evidence to assist the court in determining the reasonable hours upon which to base a fee award. It is further recommended that MMA be allowed adequate time within which to traverse that submission so the court can adequately determine what would be the proper amount of fees.

[1] Recent filings on respondent's behalf have been made in the name of "MMA, PLLC (formerly known as McClenny Moseley & Associates, PLLC)." *See* Motion to Enroll as Counsel, *In re McClenny Moseley & Associates PLLC*, No. 3:23-mc-62 (W.D. La. Sept. 21, 2023).

Under the provisions of 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure, parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglas v. United Services Automobile Ass'n.*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 27th day of March, 2024.

THOMAS P. LEBLANC
UNITED STATES MAGISTRATE JUDGE